■ IVETTE I. GONZALEZ, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. [654 NYS2d 682] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), entered February 2, 1996, as denied its motion to dismiss the action, and the plaintiff's attorneys, nonparty Kresch & Kresch, cross-appeal from so much of the same order as directed them to pay $500 in costs to the defendant for engaging in frivolous conduct.

Ordered that the order is reversed insofar as appealed and cross-appealed from, with costs to the defendant, the defendant's motion is granted, the complaint is dismissed, and the direction to pay $500 in costs to the defendant is stricken.

We agree with the defendant New York City Transit Authority that the plaintiff is collaterally estopped from commencing

this Supreme Court action (*see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449). By order dated December 15, 1994, the Supreme Court, Kings County (Hutcherson, J.), denied the plaintiff's motion to transfer her 1979 personal injury action commenced in Civil Court to Supreme Court, concluding, in effect, that the case did not merit Supreme Court status. By decision and order on motion dated December 6, 1995, this Court dismissed the plaintiff's appeal from the December 15, 1994, order for failure to perfect. Accordingly, the Supreme Court action subsequently brought by the plaintiff must be dismissed. Under the circumstances of this case, however, the court improvidently exercised its discretion in imposing $500 in costs on the plaintiff's counsel. Rosenblatt, J. P., Ritter, Thompson and Friedmann, JJ., concur.